UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRET S. BEILER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   CAUSE NO. 1:11-CV-00380 |
| | ) |
| LARRY RAY NEWTON, JR., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Amend Answer filed on November 19, 2012, seeking leave to amend their answer to add an additional affirmative defense based upon Indiana's two-year statute of limitations. (Docket # 59.)  *Pro se* Plaintiff opposes Defendants' motion, contending that it is untimely. (Docket # 65.)  For the following reasons, the motion, which is now fully briefed (Docket # 66), will be GRANTED.

*A.  Procedural Background*

Plaintiff filed this 42 U.S.C. § 1983 case on November 4, 2011, alleging various civil rights violations by Defendants during his incarceration at the Jay County Jail. (Docket # 1, 7.)  This Court conducted a scheduling conference on October 2, 2012, and set the following deadlines: April 30, 2013, for the completion of all discovery; November 2, 2012, as the last date for Plaintiff to seek leave of Court to amend his pleadings; and November 17, 2012, as the last date for Defendants to seek leave of Court to amend their pleadings. (Docket # 54.)

On October 12, 2012, Defendants filed their answer to Plaintiff's amended complaint. (Docket # 57.)  On Monday, November 19, 2012, Defendants filed the instant motion, seeking to amend their answer to add a statute of limitations affirmative defense, explaining that they

overlooked asserting it in their original answer. (Docket # 59.)

### B. Applicable Legal Standard

Leave to amend a pleading is freely given when justice so requires. FED. R. CIV. P. 15(a)(2). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

### C. Analysis

Here, Plaintiff opposes Defendants' motion solely on the grounds that it is untimely. As Plaintiff sees it, Defendants' motion was untimely because they filed it on November 19, 2012, and the last date for Defendants to amend their pleadings was two days earlier, November 17, 2012.

Plaintiff's objection is without merit. Because November 17, 2012, was a Saturday and the Clerk's office was inaccessible, under Federal Rule of Civil Procedure 6(a)(3), Defendants had through Monday, November 19, 2012—the first day the Clerk's office was accessible after the deadline—to file the motion to amend their pleadings. Therefore, Defendants' motion was timely, and Plaintiff's objection is overruled.

Since Plaintiff offers no other argument in opposition to Defendants' motion to amend, and because leave to amend is freely given when justice so requires, FED. R. CIV. P. 15(a)(2), Defendants' motion to amend will be GRANTED.

### D. Conclusion

For the foregoing reasons, Defendants' Motion to Amend Answer (Docket # 59) is

GRANTED.

SO ORDERED.

Enter for January 22, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge